## OLIVER LANE vs. SETH PADELFORD.

A party to a negotiable note shall not be received, as a witness to prove it to have been originally void.

The promisee of a negotiable note, which had been indorsed after it fell due, is a competent witness to prove, that after it had been made for a different purpose, it was received, as well as indorsed, by him, as collateral security for the payment of another note.

Where a note has been so received and indorsed, no action on the collateral note can be maintained, but by the holder of the principal one.

THIS was an action of *assumpsit* on a joint and several note of hand, signed by the defendant and one *Harry Padelford*, for the sum of $150, dated *February* 26, 1834, payable to *Solon Beale* or order, in 60 days, and by him indorsed to one *Orff* in blank, and indorsed in the same manner by *Orff*.

The defendant offered in evidence the deposition of said *Beale*, and his testimony was objected to, at the time of taking, on the ground of interest, and also, that the facts testified to by him were not legal proof to impeach the note in the hands of the plaintiff. *Beale* stated, that *H. Padelford* had given him two notes for lent money, one of $30 and the other of $20, and that he called on him for payment. He, *Padelford*, made the note in suit, and procured the defendant to sign it with him, to raise money on it and pay *Beale* from the avails, but failing in that object, he soon after its date put it into the hands of *Beale*, as collateral security for the payment of the two notes; that *Beale* paid nothing therefor, receiving it merely, as security; that he held the three notes until about the middle of *June*, 1834, when he transferred the two small notes due to him to one *McDougall*, and also at the same time the note in suit, informing him then, that it was taken and passed over only, as collateral security for the other notes; and the witness stated, that he was told by *McDougall*, just before the giving of the deposition, that he understood, that the $150 note was transferred to him only, as collateral to the other two, and that he, *McDougall*, had so transferred them to one *Hallowell*.

The two small notes were not in the hands of the plaintiff, and it did not appear, that he knew any thing of the agreement, nor the time when, or person from whom, he received the note, other

than from *Beale's* deposition.   The defendant was defaulted ; and if, in the opinion of the Court, the deposition was admissible in evidence, the default was to be taken off, and such judgment was to be rendered by the Court, as might be deemed proper.

*T. P. Chandler,* for the defendant, said, that the case presented two points for argument.   1. Is the deponent incompetent on account of being indorser ; and, 2. The effect of the testimony if admissible ; the objection from interest having been abandoned by the plaintiff's counsel.

1. A new rule of evidence was laid down by *Lord Mansfield,* in *Walton* v. *Shelley,* 1 *T. R.* 296, which, although exploded in *England,* has been adopted, with some qualifications, in *Maine, New Hampshire* and *Massachusetts,* and, for a time, in *New York.* This rule renders a party to a negotiable note incompetent to prove it to have been *originally void.*   But for all other purposes he may be a witness.   He shall not prove his own turpitude, but he may testify to facts, which arose subsequent to the execution of the instrument, and which go to show it ought not to be paid.   It was so decided in *New York,* while the rule was in force there.   10 *Johns. R.* 231 ; 15 *Johns. R.* 270 ; 17 *Johns. R.* 188 ; 18 *Johns. R.* 167 ; 20 *Johns. R.* 285 ; 11 *Johns. R.* 128 ; 17 *Johns. R.* 176.   And the decisions are the same in other States.   12 *Pick.* 565 ; 2 *N. H. Rep.* 212 ; 3 *Mass. R.* 27 ; 7 *Mass. R.* 470 ; 6 *Mass. R.* 430 ; 4 *Serg. & R.* 399.

2. The *effect* of the testimony is to destroy the plaintiff's claim. He purchased the note, when overdue, and is not a *bona fide* holder. The case is open to the same defence, as if the action was by the payee.   4 *Greenl.* 415 ; 1 *Mass. R.* 1 ; 4 *Mass. R.* 370 ; 6 *Mass. R.* 428 ; 10 *Mass. R.* 51 ; 5 *Mass. R.* 334 ; 5 *Johns. R.* 118 ; 19 *John. R.* 342 ; 6 *Greenl.* 212 ; 5 *Wend.* 342 ; 1 *Cowen,* 396.

*J. Appleton,* for plaintiff.

The facts to be proved by the deposition are those relating to the original inception of the note.   Now the principle is well settled, that the indorsee is incompetent to prove the note originally void, and only may prove subsequent facts.   5 *Greenl.* 377 ; 4 *Greenl.* 191 ; 6 *Greenl.* 390.   All the cases show that the indorser cannot prove any facts impeaching the original validity of

the note, and is exclusively confined to subsequent facts. 17 *Mass. R.* 95; 4 *Mass. R.* 156; 15 *Johns.* 270.

The facts contained in the deposition show no illegality, nor failure of consideration. There is as much consideration now as ever, as the two notes have never been paid. If there should prove any loss, he who gave his name must bear it. 1 *Taunt.* 224; 3 *Esp. R.* 46; *Bayley on Bills,* 348; 7 *John. R.* 361.

After a continuance, the opinion of the Court was prepared by

WESTON C. J. — The deposition of *Solon Beale* does not prove the note in suit to have been originally void; but that it was made, with a view to be discounted to raise money for the use of one of the makers, part of which was to be applied to pay a debt, due to the deponent. The party did not succeed in that object, but left it with the witness, as collateral security for his debt. To that amount it was his property; for the residue, he held it in trust for the maker. It was not void. If negotiated before it was due, notwithstanding these facts, it would have been good for its whole amount, in the hands of a *bona fide* holder, without notice of the trust.

In *Adams et al.* v. *Carver et als.,* 6 *Greenl.* 390, *Churchill* v. *Suter,* 4 *Mass. R.* 156, was regarded as the leading case, in which it was decided, that a party to a negotiable instrument shall not be received as a witness, to prove it to have been originally void. The Court there say, " this is the extent and limit of the objection to testimony of this kind." In the same case it was decided, that a party to a note may be received to prove, that it was negotiated after it became due. And we think *Beale's* testimony is admissible to prove also, that after it was made, and after their failure to raise money upon it, he received it as collateral security. As such, it was operative, not void. The objection taken in this case, was urged in *Van Schaack* v. *Stafford,* 12 *Pick.* 565, and upon much stronger ground than here; yet the admission of a party as a witness there, was held not inconsistent with the case of *Churchill* v. *Suter.*

When *Beale* transferred the principal debt, nearly two months after this note was due, he passed the note also, notifying the party to whom he passed it, that it attended the principal debt, only as

collateral security. It is now separated from the principal debt, and by the fraud of some subsequent holder, has passed to the plaintiff, without notice of the purpose for which it was held, or the trust attending it. But being dishonored paper, he must be understood to have taken it, upon the credit of the party, from whom he received it. In his hands, it is subject to every defence, which could have been set up by the maker, if it had remained with *Beale*. *Tucker* v. *Smith*, 4 *Greenl.* 415.

That part of *Beale's* deposition, which states the admissions of *McDougall*, to whom he passed the note, but who was not then the holder, is inadmissible; although the same facts are testified to by the deponent, as within his own knowledge. The plaintiff, the holder, has been deceived, and fails to realize what he may have expected; and so he would have been, receiving the note after it was due, if the maker could prove matter of offset in defence, or payment to a former holder. He must look to the party, who negotiated it to him. Not being the holder of the principal debt, to which this was collateral, he is not entitled to recover any part of the note of the maker. The default is accordingly taken off, and a nonsuit is to be entered.